IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM O.,[1]

    Plaintiff,

v.    Civil Action No. 3:23-cv-210-HEH

MARTIN O'MALLEY,
Commissioner of Social Security,[2]

    Defendant.

## MEMORANDUM OPINION
(Adopting in Part and Rejecting in Part Magistrate Judge's
Report and Recommendation)

This is an action challenging the Social Security Administration's ("SSA" or "Commissioner") denial of Disability Insurance Benefits ("DIB") to Plaintiff. The matter is presently before the Court on the Report and Recommendation ("R&R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Summer L. Speight, United States Magistrate Judge ("Magistrate Judge"), on December 21, 2023. (ECF No. 17.) The Magistrate Judge's R&R addressed the parties' cross-motions for summary judgment (ECF Nos. 8, 11) and recommended the Court affirm the SSA's decision. (R&R at 2.)

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants by only their first names and last initials.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed an Objection to the R&R (Pl.'s Obj., ECF No. 18), and Commissioner responded (Resp., ECF No. 19). The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. *See* E.D. VA. LOC. CIV. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition of the case. 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3).

## I. BACKGROUND

This matter involves Plaintiff's application for Social Security DIB under the Social Security Act (the "Act"). In Plaintiff's application, he alleged disability from autosomal dominant polycystic kidney disease, bulging disc/chronic back pain, anxiety/panic disorder, depression, "chronic substance disorder on MAT therapy," and insomnia. (R. at 192.) The SSA denied Plaintiff's claim, both initially and upon reconsideration. (*Id.* at 129, 139.) Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which took place on November 17, 2022. (*Id.* at 37–66, 145.)

On December 12, 2022, the ALJ issued a written opinion, finding that Plaintiff was not disabled under the Act. (*Id.* at 18–32.) On February 14, 2023, the SSA Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering it the final decision of the Commissioner. (*Id.* at 1–7.)

**A. The ALJ's Five-Step Evaluation Process**

In making the disability determination, the ALJ followed the five-step evaluation process pursuant to SSA regulations. *See* 20 C.F.R. § 404.1520(a)(4); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). The ALJ assessed Plaintiff's medical records and weighed the opinions of Kira Bleecher, M.D. ("Dr. Bleecher"); Jessica Bardenheier, LPC ("Counselor Bardenheier"); Vicki Johnson, Psy.D. ("Dr. Johnson"); Richard Luck, M.D. ("Dr. Luck"); Howard Leizer, Ph.D. ("Dr. Leizer"); and Catherine Blusiewicz, Ph.D. ("Dr. Blusiewicz").

At step one of the evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity[3] since his alleged disability onset date of October 1, 2019. (R. at 21.) At step two, the ALJ determined that Plaintiff had the following severe impairments: (1) autosomal dominant polycystic kidney disease; (2) chronic kidney failure; (3) hypertension; (4) degenerative disc disease of the lumbar spine; (5) generalized anxiety disorder; (6) panic disorder; (7) attention deficit hyperactivity

---

[3] Substantial gainful activity is work that is both substantial and gainful as defined in the C.F.R. "Substantial work activity is work activity that involves doing significant physical or mental activities," which may include work that "is done on a part-time basis" or work that comes with less pay or responsibility than a person's prior work history. 20 C.F.R. § 404.1572(a). Gainful work activity is work activity "done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b).

3

disorder ("ADHD"); (8) post-traumatic stress disorder ("PTSD"); (9) cannabis use disorder; and (10) opioid use disorder. (*Id.*) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations. (*Id.* at 22–23); *see* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), *see* 20 C.F.R. §§ 404.1520(a)(4), (e), 404.1545(a), which the ALJ used during the remaining steps of the evaluation process. The ALJ determined that Plaintiff retained the ability to perform light work as defined in 20 CFR § 404.1567(b), with some limitations:

> [Plaintiff] can frequently balance, stoop, kneel, crouch, or crawl. [Plaintiff] can occasionally climb ramps and stairs, but [Plaintiff] cannot climb ladders, ropes, or scaffolds. [Plaintiff] can tolerate occasional exposure to vibrations, but no exposure to unprotected heights or moving mechanical parts. [Plaintiff] can concentrate in the workplace for periods of two hours before requiring a break. [Plaintiff] is limited to performing simple, routine tasks. [Plaintiff] can occasionally interact with supervisors and coworkers, but [Plaintiff] cannot interact with the public. [Plaintiff] can frequently appropriately [sic] to changes in a routine work setting. [Plaintiff] cannot perform work requiring a specific production rate, such as assembly line work, or work that requires hourly quotas. [Plaintiff] can work in proximity to coworkers where interaction is not required to complete tasks.

(R. at 23–24.) The ALJ considered "all symptoms and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." (*Id.* at 24.)

At step four, the ALJ found that Plaintiff had no past relevant work, met the definition of a younger individual, and had a high school education. (*Id.* at 30.) At step

4

five, the ALJ concluded that there were a significant number of jobs within the light work category in the national economy that Plaintiff could perform given his limitations. (*Id.* at 30–31.) The ALJ came to this conclusion after considering the testimony of vocational expert Dr. Barry Hensley ("Dr. Hensley"). (*Id.* at 31.) Dr. Hensley testified that, given Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform the occupations of bagger, hand packer, and laundry folder. (*Id.* at 64.) Therefore, after assessing Plaintiff's residual functional capacity and the testimony of the vocational expert, the ALJ concluded that Plaintiff was not disabled under the Act during the relevant period. (*Id.* at 31.)

### B. The ALJ's Evaluation of Dr. Bleecher's Opinion

The ALJ evaluated Dr. Bleecher's medical opinion, summarized her findings, and concluded that her opinion was not persuasive, as required by 20 C.F.R. § 404.1520c. (*Id.* at 29–30.) The ALJ noted:

> [Dr. Bleecher's] opinion is not consistent with the evidence. As previously explained, that evidence shows that [Plaintiff] is not as limited interacting with others, completing simple work activities, remaining on task, concentrating, sustaining a routine, completing a workday, adapting to changes, working at an appropriate pace, or making decisions as Dr. Bleecher finds him to be. Moreover, there is no objective evidence suggesting that he has trouble managing his symptoms, initiating and completing tasks he knows how to perform, or making plans, and his ability to complete daily tasks, like light household chores, gardening, and preparing simple meals, suggests that he has no limitations in these areas. In addition, Dr. Bleecher supports her opinion with an explanation, noting that [Plaintiff] requests repetition of instructions, often writes down information, is easily overwhelmed, and has trouble making decisions. However, this conflicts with her treatment notes, which aside from the day she completed the questionnaire, routinely fail to document abnormalities in his mental status, including his attention, concentration, or memory. This opinion is not consistent with the evidence or well supported by Dr. Bleecher's own

5

observations; thus the undersigned does not find it persuasive.

(*Id.*)

The Magistrate Judge carefully weighed Plaintiff's evidence against the ALJ's finding that Dr. Bleecher's opinion was not persuasive and concluded that the ALJ complied with the regulations. (R&R at 11.) The Magistrate Judge considered Plaintiff's contentions that the ALJ did not, as required by 20 C.F.R. § 404.1520c, properly address the "consistency" of Dr. Bleecher's medical opinion—specifically, that the ALJ failed to sufficiently articulate which objective evidence contradicted Dr. Bleecher's findings. (*Id.* at 12.) The Magistrate Judge determined the ALJ did not err, and that substantial evidence supported the ALJ's decision. (*Id.* at 14.)

### C. The ALJ's Evaluation of Counselor Bardenheier's Opinion

The ALJ summarized and evaluated Counselor Bardenheier's professional opinion and found that Counselor Bardenheier's opinion was not persuasive, as required by 20 C.F.R. § 404.1520c. (R. at 30.) The ALJ explained:

> [Counselor Bardenheier] noted that [Plaintiff] has extreme limitations in managing psychologically based symptoms and working close to or with others without interrupting or distracting them. [Plaintiff] has marked restrictions in following one or two-step oral instructions to carry out a task, sequencing multistep activities, initiating and performing tasks he knows how to complete, ignoring or avoiding distractions while working, sustaining an ordinary routine and regular attendant, working a full day without additional breaks, adapting to changes, making plans independently of others, and handling conflicts with others. . . . This opinion, including the explanation used to support it, is nearly identical to that provided by Dr. Bleecher, and it is not consistent with the evidence for the same reasons. Further, it is not supported by [Counselor Bardenheier's] examination notes, which describe few abnormalities in [Plaintiff's] mental status.

(*Id.*)

6

The Magistrate Judge carefully considered Plaintiff's evidence against the ALJ's finding that Counselor Bardenheier's opinion was unpersuasive and found that the ALJ satisfied regulations. (R&R at 16.) In finding that Counselor Bardenheier's opinion largely mirrored that of Dr. Bleecher, the ALJ found Counselor Bardenheier's opinion inconsistent with the evidence for the same reasons. (*Id.*) The Magistrate Judge explained that—contrary to Plaintiff's contention that the ALJ failed to conduct a proper consistency analysis—the ALJ found Counselor Bardenheier's opinion to be inconsistent with her own examination notes, which appreciably undermine the severity of Plaintiff's claim of mental impairment. (*Id.* at 17–18.) The Magistrate Judge concluded that the ALJ applied proper legal standards and that the ALJ's determination is substantially supported by the evidence. (*Id.* at 18.)

### D. The ALJ's Evaluation of Dr. Johnson's Opinion

The ALJ assessed Dr. Johnson's medical opinion, summarized Dr. Johnson's findings, and determined that Dr. Johnson's opinion was not persuasive, as required by 20 C.F.R. § 404.1520c. (R. at 29.) The ALJ observed:

> [Dr. Johnson], who examined [Plaintiff] in May 2022, found that [Plaintiff] has marked limitations in using reasoning and judgment to make work-related decisions; interacting with supervisors, coworkers, and the public; sustaining an ordinary routine and regular attendant, sustaining concentration and performing a task at a consistent pace; regulating emotions, controlling behavior, and maintaining well-being; and functioning fulltime, competitive employment. [Plaintiff] has moderate restrictions in understanding, remembering, or applying both simple and complex directions and instructions; and maintaining personal hygiene and appropriate attire . . . . This opinion is not consistent with the evidence, which establishes that [Plaintiff] has a greater capacity for performing in a fulltime, competitive environment, and working at an appropriate pace than Dr. Johnson finds for the reasons explained above. . . . [T]his opinion is quite vague . . . . and [it]

7

is not supported by Dr. Johnson's own examination report, which documents just a few, largely mild, abnormalities in [Plaintiff's] mental status.

(*Id.*)

The Magistrate Judge thoroughly weighed Plaintiff's evidence against the ALJ's conclusion that Dr. Johnson's opinion was unpersuasive and determined that the ALJ satisfied the regulations. (R&R at 18.) The Magistrate Judge disagreed with Plaintiff's characterization that Dr. Johnson's opinion was highly consistent with the opinions of Dr. Bleecher and Counselor Bardenheier and cited to specific discrepancies between them. (*Id.* at 19–20.) The Magistrate Judge also found that the ALJ identified the evidence that conflicted with Dr. Johnson's opinion and supplied a sufficient analysis to allow for judicial review. (*Id.* at 20.) Finally, the Magistrate Judge ruled that the ALJ's explanation for finding Dr. Johnson's opinion vague was legally sufficient. (*Id.* at 21.) Accordingly, the Magistrate Judge concluded that the ALJ applied proper legal standards and that the ALJ's decision is substantially supported by the evidence. (*Id.*)

### E. The Magistrate Judge's Conclusion

Based on the analysis of the ALJ's findings and Plaintiff's evidence, the Magistrate Judge recommended to this Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. (*Id.* at 24); *see* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause

8

for a rehearing.").

On January 4, 2024, Plaintiff filed an objection to the Magistrate Judge's R&R, asserting that the ALJ did not apply the correct legal standards in evaluating the opinions of Dr. Bleecher, Counselor Bardenheier, and Dr. Johnson. (Pl.'s Obj. at 1.) Specifically, Plaintiff's single objection included the following contentions:

a) The ALJ did not properly explain his findings or cite specific evidence in the record when rejecting Dr. Bleecher's opinion. (*Id.*)

b) The Magistrate Judge relied on "impermissible post hoc rationalizations to rehabilitate the ALJ's complete lack of any specific consistency analysis related to Dr. Bleecher's opinion." (*Id.* at 2 (citation omitted).)

c) The ALJ's analysis of Counselor Bardenheier's opinion failed to identify any inconsistent evidence and the Magistrate Judge again "attempt[ed] to recuperate the ALJ['s] decision . . ." through "another impermissible post hoc rationalization." (*Id.* at 4.)

d) The ALJ failed to discuss the supporting explanations within the opinions of both Dr. Bleecher and Counselor Bardenheier. (*Id.* at 4–5.)

e) The Magistrate Judge found that Dr. Johnson's opinion is inconsistent with the opinions of Dr. Bleecher and Counselor Bardenheier, despite the ALJ making no consistency analysis of the three (3) opinions. (*Id.* at 6.)

f) The Magistrate Judge incorrectly endorsed the ALJ's faulty determination that Dr. Johnson's opinion was vague. (*Id.* at 6–7.)

In his response, the Commissioner maintains that the Magistrate Judge correctly

9

found that the ALJ applied the proper legal standards in evaluating the opinions of Dr. Bleecher, Counselor Bardenheier, and Dr. Johnson and that the ALJ's determinations were supported by substantial evidence. (Resp. at 1.) Therefore, the Commissioner urges this Court to adopt the R&R, deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the ALJ's decision. (*Id.* at 5.)

## II. DISCUSSION

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)) (alteration in original). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (citing *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)) (alteration in original).).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (quoting *Johnson*, 434 F.3d at 653) (second alteration in original); *see also Biestek*, 139 S. Ct. at

1156 (describing the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding[,] [however,] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

In line with this standard and having reviewed the record, Plaintiff's Objections, and the Magistrate Judge's R&R, the Court will reject the Magistrate Judge's conclusion that the ALJ did not err in failing to conduct a consistency analysis of Dr. Johnson's, Dr. Bleecher's, and Counselor Bardenheier's opinions. However, the Court finds that there is substantial evidence in the record to support the ALJ's finding of fact and conclusions of law as to the remaining arguments asserted by Plaintiff, which were properly reviewed and rejected by the Magistrate Judge. Accordingly, Plaintiff's Objections will be sustained in part and overruled in part.

### A. The ALJ Properly Explained His Findings with Supporting Evidence When Rejecting Dr. Bleecher's Opinion.

The ALJ concluded that Dr. Bleecher's findings were inconsistent with both the objective medical evidence on file and Dr. Bleecher's own treatment notes after noting that Dr. Bleecher failed to routinely document abnormalities in Plaintiff's mental status other than on the single day Dr. Bleecher completed a questionnaire. (R. at 29.) Far from needing "to scour the evidentiary record to find evidence that supports the ALJ's conclusions," (Pl.'s Mem. in Supp. at 15, ECF No. 9), the Magistrate Judge correctly found that the ALJ did craft a sufficient narrative for meaningful judicial review. (R&R at 12.) When discussing the consistency of Dr. Bleecher's opinion, the ALJ wrote, "[a]s

11

*previously explained,* that evidence shows that [Plaintiff] is not as limited in interacting with others, completing simple work activities, remaining on task, concentrating, sustaining a routine, completing a workday, adapting to changes, working at an appropriate pace, or making decisions as Dr. Bleecher finds him to be." (R. at 29 (emphasis added).) The Magistrate Judge noted that "[t]he ALJ's decision previously found moderate limitations in understanding, remembering or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing for oneself." (R&R at 12.)

### B. Because the ALJ's Consistency Analysis of Dr. Bleecher's Opinion was Well-Supported, the Magistrate Judge did not Engage in Impermissible Post Hoc Rationalization.

Plaintiff's claim that the Magistrate Judge engaged in post hoc rationalization to repair an alleged deficiency in the ALJ's consistency analysis of Dr. Bleecher's opinion is without merit. Although Plaintiff correctly asserts that it is improper for a Magistrate Judge "to provide justifications for the ALJ's ruling that are not inherent in the ALJ's opinion, *Dep't of Homeland Sec. v. Regents of the Univ. of Cali.*, 140 S. Ct. 1891, 1909 (2020)," such is not the case here. *Jesse T. v. Kijakazi*, No. 2:22-cv-101, 2023 WL 2537283, at *3 (E.D. Va. Mar. 16, 2023). The Magistrate Judge did not provide any justifications for the ALJ's consistency determination that were not already included in the ALJ's overall decision. *See id.* Rather, the Magistrate Judge cited extensively from the ALJ's decision, referring to passages of the analysis where the ALJ noted medical and nonmedical evidence of Plaintiff's mental capacity. (R&R at 11–14.) Even if, for argument's sake, the Magistrate Judge's detailed explanation can be said to include post

12

hoc reasoning, the Court finds that the ALJ provided a sufficient explanation for finding Dr. Bleecher's opinion unpersuasive. *See Jesse T.*, 2023 WL 2537283, at *3 n.7 ("[I]n the face of substantial evidence supporting the ALJ's ruling, it is not the role of this Court to substitute its judgment for that of the ALJ, even if the Court believes that a contrary ruling would likewise be reasonable."). Thus, Plaintiff's objection will be overruled.

### C. Because the ALJ's Consistency Analysis of Counselor Bardenheier's Opinion was Well-Supported, the Magistrate Judge did not Engage in Impermissible Post Hoc Rationalization.

Plaintiff's claim that the Magistrate Judge engaged in post hoc rationalization to repair an alleged deficiency in the ALJ's consistency analysis of Counselor Bardenheier opinion is also without merit. Again, the Magistrate Judge provided no justifications for the ALJ's consistency determination that were not already inherent in the ALJ's overall decision. The ALJ determined that Counselor Bardenheier's opinion is not consistent with the objective evidence or Counselor Bardenheier's own treatment notes, which the ALJ documented in his decision. (R. at 30.) The ALJ also found that Counselor Bardenheier's opinion and supporting explanation were nearly identical to that of Dr. Bleecher and, therefore, were not consistent with the evidence for the same reasons. (*Id.*) This Court holds that that the ALJ provided a sufficient explanation for finding Counselor Bardenheier's opinion unpersuasive. Moreover, the Magistrate Judge cited to the ALJ's decision in determining that the ALJ provided valid reasons for finding Counselor Bardenheier's opinion unpersuasive. (*See* R&R at 16–18.)

13

### D. The ALJ Properly Considered the Supporting Explanations in Dr. Bleecher's and Counselor Bardenheier's Opinions.

Contrary to Plaintiff's contention, the ALJ properly considered the supportability of the opinions of both Dr. Bleecher and Counselor Bardenheier. To assess supportability, the ALJ must consider the relevance of "objective medical evidence and supporting explanations presented by a medical source" in support of his opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The fact that the ALJ does not specifically use the term "supportability" bears no relevance to this analysis, as the regulations do not require the ALJ to use any "particular language or adhere to a particular format" in his decision. *Woodson v. Berryhill*, No. 3:17-cv-347, 2018 WL 4659449, at *6 (E.D. Va. Aug. 7, 2018) (quoting *Moore v. Astrue*, No. 2:09-cv-549, 2010 WL 3394657, at *6 n.12 (E.D. Va. July 27, 2010)) (internal quotations omitted). Rather, the ALJ must comply only with a "reasonable articulation standard" that permits "a reviewing court to trace the path of an adjudicator's reasoning, and will not impede a reviewer's ability to review a determination or decision, or a court's ability to review [the ALJ's] final decision." 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c).

Here, the ALJ considered the supporting explanation for Dr. Bleecher's opinion and found that it "conflicts with [Dr. Bleecher's] treatment notes, which aside from the day she completed this questionnaire, routinely fail to document abnormalities in [Plaintiff's] mental status, including his attention, concentration, or memory." (R. at 29–30.) Similarly, the ALJ considered the supporting explanation given by Counselor

14

Bardenheier and determined that it, like her opinion, was "nearly identical to that provided by Dr. Bleecher . . . ." (*Id.* at 30.) Further, the ALJ found that Counselor Bardenheier's supporting explanation conflicted with her own examination notes, which "describe few abnormalities in [Plaintiff's] mental status." (*Id.*) Accordingly, the ALJ's supportability analyses of the opinions of Dr. Bleecher and Counselor Bardenheier are sufficient and do not impede the ability of this Court to review the ALJ's decision.

### E. The Magistrate Judge Erred in Finding that Dr. Johnson's Opinion is Inconsistent with the Opinions of Dr. Bleecher and Counselor Bardenheier Without the ALJ Conducting a Consistency Analysis.

As the Magistrate Judge noted, it is apparent that the ALJ did not conduct a consistency analysis of Dr. Johnson's, Dr. Bleecher's, and Counselor Bardenheier's opinions together when determining that Dr. Johnson's opinion was unpersuasive. (R&R at 19.) However, the Magistrate Judge found no error in that omission. (*Id.*) This Court disagrees—the ALJ was required to conduct a consistency analysis as mandated by 20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(2).

While the ALJ need not explain every element of his review in detail, the ALJ must consider the consistency of medical opinions. 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2) ("We *will* consider the following factors when we consider the medical opinion(s) and prior administrative medical finding(s): . . . [c]onsistency." (emphasis added)). Consistency is one of the most important factors that the ALJ must consider in determining the persuasiveness of medical opinions. *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). Because the ALJ failed to conduct such an analysis, and this Court cannot reweigh conflicting evidence or make credibility determinations, remand is

15

necessary to allow the ALJ to consider the consistency of Dr. Johnson's opinion with Dr. Bleecher's and Counselor Bardenheier's opinions. *See Hancock*, 667 F.3d at 472.

### F. The ALJ Correctly Determined that Dr. Johnson's Opinion is Vague.

Plaintiff challenges the ALJ's description of Dr. Johnson's opinion as "quite vague." (Pl.'s Mem. in Supp. at 19.) The Magistrate Judge properly found that the ALJ discussed what aspects of Dr. Johnson's opinion were vague. (R&R at 21.) The ALJ noted that Dr. Johnson's opinion was vague and failed to "discuss what [Plaintiff] remains able to do despite his impairments." (R. at 29.) Thus, the Court agrees with the Magistrate Judge's conclusion that the ALJ's finding that Dr. Johnson's opinion was vague was legally sufficient and supported by substantial evidence. *See Williams v. Saul*, No. 3:18-cv-564–HEH, 2019 WL 3729016, at *13 (E.D. Va. July 22, 2019) (holding that the ALJ sufficiently explained vagueness by finding that the doctor failed to define certain terms).

## III. CONCLUSION

This Court finds that the ALJ followed the five-step evaluation process, pursuant to SSA regulations, and properly found that the opinions of Dr. Bleecher and Counselor Bardenheier were not persuasive, after considering the required 20 C.F.R. § 404.1520c factors. Therefore, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings. However, the Court respectfully rejects the Magistrate Judge's conclusion that the ALJ properly determined that Dr. Johnson's opinion is inconsistent with the opinions of Dr. Bleecher and Counselor Bardenheier without conducting a consistency analysis.

16

For these reasons, the R&R (ECF No. 17) will be adopted in part and rejected in part. Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 8) will be denied, and Defendant's Motion for Summary Judgment (ECF No. 11) will be denied. This case will be remanded to the SSA for a consistency analysis of the opinions of Dr. Johnson, Dr. Bleecher, and Counselor Bardenheier as mandated by 20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(2).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 29, 2024
Richmond, Virginia